JOHN F. WOODCOCK & al. *versus* JOHN McCORMICK.

When a defendant offers to be defaulted in accordance with R. S., c. 82, § 21, and the plaintiff, either at the same or any subsequent term, accepts the offer, the defendant is entitled to costs from the time when the offer was made, whether any time was fixed for the acceptance, or not.

ON EXCEPTIONS.

ASSUMPSIT. On the first day of the return term, the defendant, in writing entered of record with its date, offered

to be defaulted for a specified sum, but had no time fixed for its acceptance. On the 12th day of the term, the plaintiff accepted the sum offered and caused the defendant to be defaulted therefor. Thereupon the defendant claimed costs from and after the time of making the offer; but the presiding Judge ruled that the defendant was not entitled to any costs, and ordered judgment for the plaintiffs with costs up to the time of the offer; and the defendant alleged exceptions.

*N. M. Whitmore*, 2*d*, for the defendant.

*W. Benjamin*, for the plaintiffs.

WALTON, J.,—This is an action of assumpsit. On the first day of the return term, the defendant offered to be defaulted for a specified sum. On the twelfth day of the term the plaintiffs accepted the offer. The defendant moved to be allowed his costs from the time of making the offer. The presiding Judge declined to allow any costs to the defendant, and allowed costs for the plaintiffs to the time when the offer was made. To this ruling the defendant excepts. The ruling with respect to the amount of costs, which the plaintiffs were entitled to recover, was correct. But the ruling disallowing the defendant's costs was erroneous. When a defendant offers to be defaulted, and the plaintiff subsequently accepts the offer, the defendant is entitled to costs from the time when the offer was made. This result is not affected by the fact that no time was fixed by the Court for the acceptance of the offer. Nor is it affected by the fact that the offer was accepted during the term when it was made, and before the call of the new docket. The argument that the plaintiff ought in such cases to be allowed the whole of the first term, or at least till the call of the new docket, to determine whether he will or will not accept the defendant's offer, without being liable for costs, is met by the imperative language of the statute,—" If the plaintiff fails to recover a sum as due at the time of the offer

greater than the sum offered, he recovers for costs such only as accrued before the offer, and the defendant recovers costs accrued since that time." R. S., c. 82, § 21. When the plaintiff accepts the defendant's offer, he recovers judgment for the precise sum offered, and of course fails to recover a sum as then due greater than the one offered; and, by the express language of the statute, the defendant recovers such costs as have accrued since the offer was made. *Hartshorn* v. *Phinney*, 48 Maine, 300. In this case, the acceptance was at a subsequent term, but we see no ground for distinguishing between such an acceptance and one made during the same term of the offer. The defendant is entitled to costs from the time when he offered to be defaulted.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, DANFORTH and TAPLEY, JJ., concurred.